NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| W.P., | : |
| Plaintiff, | : |
| | : Civil No. 21-2940 (RBK) |
| v. | : |
| | : **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | : |
| Defendant. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Plaintiff W.P.'s Appeal (Doc. No. 1) from the final decision of the Commissioner of the Social Security Administration denying his application for Social Security Disability benefits. For the reasons set forth below, the Commissioner's decision is **VACATED** and **REMANDED.**

**I.     BACKGROUND**

Plaintiff was thirty-three years old on the alleged disability onset date, May 1, 2002. (R. 104). Plaintiff attending school until ninth grade and has his GED. (R. 38, 797). Plaintiff worked a cabinet maker and then for a party rental company delivering and setting up the rented equipment (R. 265). Plaintiff stopped working in 2002 after sustaining a neck injury at work, but then he returned to work after a recovery period. (R. 785). Plaintiff was laid off when the company relocated and Plaintiff declined a job at the new location. (R. 785, 912). Plaintiff has no relevant work since May 1, 2002. (R. 38).  Plaintiff lives with family who care for him. (R. 62, 85).

1

On December 1, 2017, Plaintiff filed an application for Disability Insurance Benefits alleging the following disabilities since May 1, 2002: blind or low vision; back injury with pain in entire back; neck injury with pain into neck and shoulders' migraine headaches from neck pain and nasal conditions; pain in buttocks, legs and feet coming from back injury; insomnia due to pain and nasal congestion; nasal problems and congestion with hard time breathing; constant shortness of breath and rapid heartbeat; high blood pressure; weakness and dizziness; depression. (R. 151). After his applications were denied initially and upon reconsideration, Plaintiff requested a de novo ALJ hearing. (R. 215-16). At the hearing, which was held on November 19, 2019, Plaintiff appeared before ALJ John Campbell. (R. 21). At that hearing, a vocational expert ("VE") testified. (R. 90). The ALJ issued an unfavorable decision on January 24, 2020. (R. 21). Plaintiff requested a review of the ALJ's decision by the Appeals Council, which was denied on December 16, 2020. (R. 1). Thereafter, Plaintiff filed this action for judicial review. (Doc. No. 1).

At step one, the ALJ determined that Plaintiff had not worked since his alleged disability onset date. (R. 27). At step two, the ALJ determined that Plaintiff had the severe impairments of cervical, thoracic and lumbar degenerative disc disease with spondylosis, cervical chronic sinusitis, mild to moderate bilateral acromioclavicular (AC) joint osteoarthritis, obesity, bipolar disorder, and intermittent explosive disorder. (R. 27). At step three, the ALJ determined that none of Plaintiff's impairments, alone or in combination, met or medically equaled one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. (R. 30).

The ALJ then determined that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except that he can: (1) occasionally balance, stoop, kneel, crouch, crawl and climb ramps or stairs, but never climb ladders, ropes or scaffolds; (2)

never work at unprotected heights, near exposed moving mechanical parts, or near operating dangerous heavy machinery or equipment which cuts, tears, crushes, shears or punctures in its operations; (3) frequently finger, handle and reach in all directions with his bilateral upper extremities; (4) never be exposed to concentrated exposure to dusts, gasses, fumes, odors, pulmonary irritants, and poor ventilation; he can carry out simple instructions; (5) perform simple, routine, repetitive tasks; he can make simple work related decisions; (6) occasionally adjust to changes in the work place routine; and (6) frequently interact with coworkers or supervision, and occasionally interact with the public. (R. 32).

At step four, the ALJ found that Plaintiff had no past relevant work. (R. 38). At step five, based on the testimony of the vocational expert, the ALJ found that Plaintiff could perform other jobs existing in significant numbers in the national economy, including the representative occupations of mail clerk, office helper, and cafeteria attendant. (R. 38-39). The ALJ determined that Plaintiff was not disabled through the date of the ALJ's decision. (R. 39).

## I.   LEGAL STANDARD

### A.  Sequential Evaluation Process

In order to receive benefits under the Social Security Act ("SSA"), the Plaintiff must be disabled within the meaning of the Act. The Commissioner applies a five-step evaluation process to make this determination. *See* 20 C.F.R. § 404.1520.

For the first four steps of the evaluation process, the Plaintiff has the burden of establishing his disability by a preponderance of the evidence. *Zirnsak v. Colvin*, 777 F.3d 607, 611–12 (3d Cir. 2014). First, the Plaintiff must show that he was not engaged in "substantial gainful activity" for the relevant time period. 20 C.F.R. § 404.1572. Second, the Plaintiff must demonstrate that he has a "severe medically determinable physical and mental impairment" that

lasted for a continuous period of at least twelve months. 20 C.F.R. § 404.1520(a)(4)(ii); 20 C.F.R. § 404.1509. Third, either the Plaintiff shows that his condition was one of the Commissioner's listed impairments, and is therefore disabled and entitled to benefits, or the analysis proceeds to step four. 20 C.F.R. § 404.1420(a)(4)(iii). Fourth, if the condition is not equivalent to a listed impairment, the ALJ must assess the Plaintiff's residual functional capacity ("RFC"), and the Plaintiff must show that he cannot perform his past work. 20 C.F.R. § 404.1520(a)(4)(iv); 20 C.F.R. § 404.1520(e). If the Plaintiff meets his burden, the burden shifts to the Commissioner for the last step. *Zirnsak*, 777 F.3d at 612. At the fifth and last step, the Commissioner must establish that other available work exists that the Plaintiff can perform based on his RFC, age, education, and work experience. 20 C.F.R. § 404.1520 (a)(4)(v); *Zirnsak*, 777 F.3d at 612. If the Plaintiff can make "an adjustment to other work," he is not disabled. *See* 20 C.F.R. § 404.1520(a)(4)(v).

### B. Review of the Commissioner's Decision

This Court reviews the ALJ's application of the law under a de novo standard and the ALJ's factual findings under a substantial evidence standard. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007) (citing 42 U.S.C. 405(g)); *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992); and *Monsour Med. CR. v. Heckler*, 806 F.2d 1185, 1191 (3d Cir. 1986)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). Substantial evidence is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *See, e.g., Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). Courts may not set aside the Commissioner's decision if it is supported by substantial

evidence, even if this Court "would have decided the factual inquiry differently." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001).

When reviewing a matter of this type, this Court must be wary of treating the determination of substantial evidence as a "self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983). Evidence is not substantial if "it really constitutes not evidence but mere conclusion," or if the ALJ "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 110, 114).

## II.   DISCUSSION

Here, Plaintiff raises three issues for review by this Court. Plaintiff argues that: (1) the ALJ failed to evaluate Plaintiff's obstructive sleep apnea and pulmonary issues at Step Two and in the RFC, (2) the ALJ erred in his treatment of the medical opinion evidence of record, and (3) the ALJ failed to find Plaintiff's impairments severe at Step Two and failed to include limitations with Plaintiff's impairments (both severe and non-severe) in the RFC.

### (1) Whether the ALJ failed to evaluate Plaintiff's Obstructive Sleep Apnea and pulmonary issues at Step Two and in the RFC

At Step Two of his decision, the ALJ found the Plaintiff's severe impairments to include cervical, thoracic, and lumbar degenerative disease with spondylosis, cervical chronic sinusitis, mild to moderate bilateral acromioclavicular joint osteoarthritis, obesity, bipolar disorder, and intermittent explosive disorder. (R. 19). He went on to determine that the Plaintiff had nonsevere impairments which included blurry vision, migraine headaches and hypertension. (R. 29). Absent from the ALJ's decision is discussion of the Plaintiff's moderate obstructive sleep apnea and pulmonary issues related to pleural thickening. Plaintiff contends that this is remandable error.

The evidence on Plaintiff's sleep apnea and pulmonary issues is as follows. During his hearing, the Plaintiff testified to having pulmonary issues which caused him to have difficulty breathing. (R. 68). He testified to using both a nebulizer and a CPAP machine for his breathing issues. (R. 73). Despite compliance with treatment, Plaintiff testified to feeling constantly tired and losing his ability to focus due to the same. (R. 79, 91). Plaintiff has undergone several examinations to confirm his diagnosis of sleep apnea. He treats with pulmonologist Dr. Thomas Morley, who diagnosed the Plaintiff with moderate obstructive sleep apnea after a sleep study. (R. 870). Medical reports indicate ongoing daytime somnolence, sleep walking, sleep talking, morning headaches and difficulty breathing. (R. 1171). Plaintiff was also prescribed multiple inhalers for his breathing issues. (R. 1183). X-rays revealed pleural thickening of the lungs. (R. 1184).

The ALJ addressed neither Plaintiff's pulmonary conditions or nor his sleep apnea. Defendant argues that the failure to evaluate the Plaintiff's pulmonary conditions and sleep apnea is harmless error based on the ALJ's RFC. However, we cannot divine which RFC limitations, if any, encompass the pulmonary conditions and sleep apnea because the ALJ does not discuss these conditions. The ALJ is required to adequately develop the record. *See Warfle v. Astrue*, No. 4:10-CV-1255, 2011 U.S. Dist. LEXIS 150692, at *10 (M.D. Pa. May 5, 2011) (collecting cases). "When an ALJ does not address all of the evidence of record, the appropriate action is to remand for further proceedings, as a District Court has no fact-finding role in reviewing social security disability cases." *Zied v. Astrue*, 347 F. App'x 862, 865 (3d Cir. 2009) (citing *Hummel v. Heckler,* 736 F.2d 91, 93 (3d. Cir. 1984)). Accordingly, we remand for further proceedings.

**(2) Whether ALJ erred in his treatment of the medical opinion evidence of record**

Plaintiff asserts that the ALJ disregarded medical opinions without sufficient explanation and substituted them with his own lay opinion. Dr. Altman, Plaintiff's treating physician, opined that Plaintiff would need significant limitations including breaks 25% of the workday, restrictions on lifting and movement, and use of a cane. (R. 36). The ALJ found that the Dr. Altman's opinion not supported because Plaintiff had "significantly conservative treatment" and "generally normal physical examinations and mild imaging findings," and because the earlier medical record did not mention a cane. (R. 36-37).

While the opinion of the treating physician is not dispositive, *Adorno v. Shalala*, 40 F.3d 43, 47-48 (3d Cir. 1994), it is important. The ALJ may not rely on his own analysis of the medical history to reject the opinion of the treating physician. *Morales v. Apfel*, 225 F.3d 310, 317-18 (3d Cir. 2000). Typically, an ALJ may reject the treating physician's opinion only if he relies on at least two other medical opinions. *See Burns v. Colvin*, 156 F. Supp. 3d 579, 588-89 (M.D. Pa. 2015) ("Since… 1988, the Third Circuit has only affirmed an ALJ who rejects a treating source medical opinion when there are two or more medical opinions that the claimant is not disabled.") (citations omitted). Here, the ALJ rejected the treating physician's opinion not because it was contradicted by other medical opinions, but because it did not line up (in the ALJ's view) with the treating history. This not a proper basis to reject the treating physician's opinion, so we remand.

**(3) Whether the ALJ failed to find Plaintiff's impairments severe at Step Two and failed to include limitations with Plaintiff's impairments (both severe and non-severe) in the RFC**

Lastly, Plaintiff argues that the ALJ should have found Plaintiff's vision abnormalities, migraines, and mental health severe or at least incorporated them into the RFC. We address each set of symptoms in turn.

*Vision*

Plaintiff's vision when corrected is 20/70 in the right eye and 20/40 in the left eye. (R. 790). At Step Two, the ALJ found the Plaintiff's abnormal vision non-severe on account of his vision testing. Plaintiff contends that the ALJ did not incorporate limitations for vision in the RFC. We agree with Commissioner that the substantial evidence standard is met for the vision limitation as non-severe. One consultative examiner noted that Plaintiff has "good" visual acuity and intact visual fields (R. 798, 800), and another described Plaintiff's visual disability as "mild." (R. 791). The RFC assessment contains limitations to account for Plaintiff's visual impairments, including a prohibition to work at unprotected heights, exposure to moving mechanical parts, or dangerous heavy machinery or equipment that cuts, tears, crushes, shears, or punctures in its operations (R. 33). Plaintiff does not identify any specific visual limitations that the ALJ did not already account for in the RFC assessment. Further fact-finding is not needed here on remand.

*Migraine headaches and chronic sinitus*

Plaintiff has chronic sinusitis: his nose seals up leaving him unable to breathe which immediately gives him a migraine headache. (R. 63, 76). When this occurs, he feels as though he has the flu for days until it clears up. (R. 63). He has daily headaches relating to injuries from a motor vehicle accident. (e.g., R. 549). Plaintiff argues that limitations for the headaches such as time off-task, absenteeism or moderate noise limitations should have been incorporated in the RFC.

The ALJ specified limitations for irritation of the sinus. (R. 36) ("the claimant cannot tolerate exposure to environments with concentrated exposure to dusts, gasses, fumes, odors, pulmonary irritants, and poor ventilation."). But the ALJ does not discuss Plaintiff's migraine

headaches in any detail. Similar to the sleep apnea and pulmonary conditions discussed above, we are unable to glean what the ALJ's decision is with regard to the migraine headache evidence or how they incorporated into the RFC, if at all. We remand on this issue for further development of the record.

*Mental health*

Due to psychological problems, Plaintiff has issues working within a schedule, maintaining regular attendance, and completing a normal workday without interruptions. (e.g., R. 119). Plaintiff contends that the ALJ failed to find these psychological impairments severe and failed to incorporate them in the RFC.

The treating physician Dr. Cox opined that Plaintiff cannot concentrate for more than two hours at a time due to psychological symptoms. (R. 31-32). The ALJ stated in response: "However, these determinations were made in significant reliance upon the claimant's subjective allegations, were inconsistent with Dr. Cox's mental status examination findings, and are largely unsupported by the very thin medical evidence available for review[.]" (R. 32). As discussed above in section II (2), the ALJ may not substitute his own analysis of the medical record for Dr. Cox's, so we remand.

### III.   CONCLUSION

For the reasons stated above, this Court remands to the ALJ for further development of the administrative record and for reconsideration and evaluation of the evidence on Plaintiff's disability. An order follows.

Dated: 3/22/2022                                                                     /s/ Robert B. Kugler
                                                                                                 ROBERT B. KUGLER
                                                                                                 United States District Judge