NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| W.P., | : |
| Plaintiff, | : |
| v. | : Civil No. 21-2940 (RBK) |
| COMMISSIONER OF SOCIAL SECURITY, | : **OPINION** |
| Defendant. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court upon the Commissioner's Motion for Reconsideration (Doc. No. 24) pursuant to Rule 59(e). For the reasons set forth below, the Commissioner's motion is **GRANTED**.

The background information and legal standards for this case are set out in our prior opinion (Doc. No. 21). In that opinion, we remanded for further development of the record regarding *inter alia* the ALJ's treatment of the opinion of Dr. Altman, Plaintiff's treating physician because the ALJ substituted his own opinion of the medical evidence with Dr. Altman's. The Commissioner asks that we reconsider this. The Commissioner notes in her motion that the treating physician rule does not apply to this claim because the claim postdates 20 C.F.R. § 404.1520c. The new regulations no longer use the term "treating source" and no longer make medical opinions from treating sources eligible for controlling weight. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18,

2017) (technical errors corrected by 82 Fed. Reg. 15,132-01 (Mar. 27, 2017)), *and* 81 Fed. Reg. 62560 (proposing revised rules).

Under the new regulations, an ALJ will not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s),[] including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a). Instead of assigning weight to medical opinions, the ALJ now considers the persuasiveness of a medical opinion, and the source of the opinion is not the most important factor in evaluating its persuasive value; rather, the most important factors are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2).

The Third Circuit has not yet addressed the effect of 20 C.F.R. § 404.1520c. District courts have treated the new regulation as eliminating the treating source rule. *See, e.g.*, *Matthew F. v. Kijakazi*, No. 3:20-cv-15564, 2022 U.S. Dist. LEXIS 82341, at *12 (D.N.J. May 6, 2022). We will do the same.

Without the treating source rule, the ALJ considers several factors to evaluate a medical opinion. These are, in addition to supportability and consistency, relationship with the claimant, length of treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, examining relationship, specialization, and other factors. 20 C.F.R. § 404.1520c(c). The ALJ is required to explain the supportability and consistency factors for each medical opinion from a medical source. 20 C.F.R. § 404.1520c(b)(2).

Under the regulation, "Supportability" is: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical

opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). "Consistency" is: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2).

The ALJ rejected Dr. Altman's opinion because it was "not supported by the claimant's significantly conservative treatment, generally normal physical examinations and mild imaging findings . . . . . the undersigned notes with particularity that while the claimant alleged a doctor prescribed him a cane, he was unable to indicate the provider or date of such prescription, and there is no such prescription in the medical evidence of record." (R. 36-37). The ALJ stated regarding imaging and physical examinations: "Although the claimant continues to endorse ongoing severe pain, his most recent imagine studies are replete with mild to moderate findings most notable in the cervical spine . . . . physical examination findings and treatment notes tend to illustrate that his condition is largely the same since his 2007 motor vehicle accident documenting 70% range of motion in all planes, 5/5 grip strength, and intact sensory and deep tendon reflexes (Exhibit 53F)." (R. 35).

The evidence the ALJ cited in his analysis is as follows. Exhibit 30F reports normal vertebral bodies, unremarkable facet joints, no soft tissue abnormalities, and a general impression of no acute findings. (R. 856). Exhibit 43F reports mild spondylitic disease of the of the lower thoracic spine and normal hip alignment. (R. 1033, 1038). Exhibit 44F reports severe foraminal narrowing and mild to moderate canal stenosis at several spinal points. (R. 1044).

The ALJ's rationale for discounting Dr. Altman's opinion appears to relate to the § 404.1520c(c) factors of supportability and consistency. The scan results, physical examinations, and treatment, which indicated mild to moderate spinal problems, did not, in the ALJ's view, line up with Dr. Altman's medical opinion. 20 C.F.R. § 404.1520c permits the ALJ to perform this analysis, and there is substantial evidence to support it. The exhibits the ALJ cited did not indicate severe pain or mobility limitations.

A Rule 59(e) motion must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam). Since the scope of such a motion is "extremely limited", the Third Circuit has recognized that such a motion should be used only to correct manifest errors of law or to present newly discovered evidence. *Blystone v. Horn*, 664 F.3d 397, 415-16 (3d Cir. 2011). Our invocation of the treating source rule was clear error because the case postdates 20 C.F.R. § 404.1520c, a new regulation that districts courts understand to have abolished the treating source rule.

The grant of a motion for reconsideration does not prevent a court from reaching an outcome identical to its prior decision. *See, e.g.*, *Pena-Ruiz v. Solorzano*, 281 Fed. App'x 110, 111 n.1 (3d Cir. 2008). We grant the motion for reconsideration to the extent it is requested, that is, only with regard to the ALJ's treatment of the opinion of Dr. Altman. The other bases for remand are not disturbed. An order follows.

Dated: June 29, 2022                                    /s/ Robert B. Kugler
                                                        ROBERT B. KUGLER
                                                        United States District Judge